# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGE A. VAUGHAN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0817**  (BOR Appeal No. 2049228)
                    (Claim No. 2011004137)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner George A. Vaughan, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 21, 2014, in which the Board affirmed a February 4, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 30, 2010, decision rejecting Mr. Vaughan's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vaughan was diagnosed with moderately differentiated squamous cell carcinoma of the left lung on January 14, 2010. Subsequently, he filed an application for workers' compensation benefits alleging that he developed squamous cell carcinoma of the lung following exposure to asbestos during the course of his employment. John Koszuta, M.D., Mr. Vaughan's pulmonologist, noted that he has a prior history of cigarette smoking and further noted that this, along with his reported exposure to asbestos, can increase his chances of developing bronchogenic carcinoma. Further, James Stevens, M.D., Mr. Vaughan's radiological oncologist,

1

opined that because he has reported an occupational history of exposure to asbestos, it must be considered as one of the contributory factors of his current disease state. The claims administrator rejected Mr. Vaughan's application for workers' compensation benefits on September 30, 2010, based on a finding that the evidence of record fails to establish a causal connection between the diagnosis of squamous cell carcinoma of the lung and Mr. Vaughan's employment.

On May 8, 2011, Andrew Ghio, M.D., performed a records review following a request to address any possible connection between Mr. Vaughan's diagnosis of squamous cell carcinoma of the lung and any exposure to asbestos that may have occurred. Dr. Ghio opined that in order to attribute a lung cancer to asbestos exposure, asbestosis must be clinically or histologically present. Dr. Ghio further opined that there is no radiographic evidence of fibrosis present in the record, that Mr. Vaughan does not report a detailed exposure to asbestos fibers which would increase his risk for the development of an asbestos-related lung cancer, that there is no objective evidence of significant asbestos fiber exposure contained in the radiographic evidence, and finally that Mr. Vaughan's significant smoking history can account for his clinical presentation. Dr. Ghio then concluded that Mr. Vaughan cannot be diagnosed with asbestosis, and further concluded that it is therefore impossible to diagnose him with an asbestos-related lung carcinoma. Finally, Dr. Ghio opined that Mr. Vaughan's squamous cell carcinoma of the lung cannot be associated with any asbestos exposure that may have occurred and concluded that Mr. Vaughan developed squamous cell carcinoma of the lung solely as a result of exposure to cigarette smoke.

Joseph Renn III, M.D., evaluated Mr. Vaughan on February 26, 2013. He noted that radiographic evidence including chest x-rays and CT scans failed to reveal pleural plaques, pleural calcifications, or parenchymal changes consistent with any type of pneumoconiosis. He then opined that there is no radiographic evidence of exposure to asbestos fibers significant enough to result in the pleural changes typically associated with significant exposure. Further, Dr. Renn opined that there is no physical or radiographic evidence of asbestosis, and noted that the bronchoalveolar lavage and biopsy performed at the time of diagnosis did not reveal the presence of any asbestos fibers. Finally, Dr. Renn opined that Mr. Vaughan's occupation was neither the primary etiology of nor a contributing factor to his development of squamous cell carcinoma of the lung, and concluded that Mr. Vaughan developed lung cancer as a result of exposure to cigarette smoke.

In its Order affirming the September 30, 2010, claims administrator's decision, the Office of Judges held that the preponderance of the evidence fails to demonstrate that Mr. Vaughan developed squamous cell carcinoma of the lung as a result of his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 21, 2014. On appeal, Mr. Vaughan argues that the evidence of record demonstrates that he developed asbestosis as a result of occupational exposure to asbestos, which subsequently developed into squamous cell carcinoma of the left lung.

Although Dr. Koszuta and Dr. Stevens both noted that Mr. Vaughan reported exposure to asbestos, and both also noted that the reported exposure could be a contributing factor in his

2

development of squamous cell carcinoma of the lung, neither physician discussed whether there is objective medical evidence documenting either a diagnosis of asbestosis or evidence of significant prior exposure to asbestos. However, both Dr. Ghio and Dr. Renn specifically found that the record contains neither radiographic nor physical evidence indicating that Mr. Vaughan incurred a significant exposure to asbestos or developed asbestosis. Finally, based upon the radiographic and physical medical evidence of record, as well as the history of exposure to both asbestos and cigarette smoke provided by Mr. Vaughan, both Dr. Ghio and Dr. Renn attributed Mr. Vaughan's development of squamous cell carcinoma of the lung solely to his exposure to cigarette smoke.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3